Green, J.
delivered the opinion of the court.
Whether a tender in bank notes will be good or not, must depend upon the conduct of the party to whom the money may be offered. If a tender be spoken of, and the creditor utterly refuse to receive the money at all, in such case no money need be produced, because the creditor by expressly refusing to receive the money, waives the necessity of its offer, which in such case would be an useless formality. Norris’s Peake, 432. Upon the same reason, the tender of bank notes, when no objection is made on that account, but the objection to receive it is placed solely on the ground that more is due, the creditor cannot afterwards object that bank notes had been tendered; for that objection would be to the formality of the tender, which he had waived by putting his objection on another ground, and insisting *201 that a larger sum than that offered was due. The tender by Ball having been made to the full amount for which the horse was originally pledged, and no agreement being proved that the horse should remain in pledge for the thirty-seven dollar debt purchased by Stanley of Fhin, it.was a good tender, though made in bank notes, because Stanley did not object on that account, but on account that more was due. Norris’s Peak, 432: 4 Espin. Rep. 267: 3 Term Rep. 554.
As to the question of damages, the court erred in its charge.
If a creditor refuse to deliver the property pawned for the security of his debt, on tender of the .amount due, and the property being demanded, his special property then ceases, and he becomes a wrong doer; is-guilty of conversion to his own use, for which the action of trover lies. 5 Bac. Abr. 263, Trover D: Cro. Jac. 244: 2 Kent’s Com. 450. The tender places the parties in re- | lation to the property pawned, as though payment of the f debt had been made. -He had no longer any lien on him for the money, but the parties stood in the same relation as though no pledge had ever been made, and Stanley had acquired the horse :by a wrongful act. The consequence must be, that although Stanley’s debt remains, for which he has a right of action .against Ball, yet Ball has a right of action- for his horse, as though he were not the debtor of Stanley, and consequently must recover full damages.
The judgment must be reversed, and the cause remanded to the circuit court of Hawkins county, for another trial to be had therein, when the law will be charged as laid down in this opinion.
Judgment reversed,